WOLFGRAM, Respondent, vs. TOWN OF SCHOEPKE, Appellant.

*September 11—September 29, 1903.*

*Highways on town lines: Apportionment: Change of boundaries: Liability for injuries caused by defect before reapportionment.*

Under sec. 1273, Stats. 1898,—providing that where the supervisors have determined by order what part of a town line highway shall be made and kept in repair by each town and what part of the damages, if any, shall be paid by each, each such

town shall have all the rights and be subject to all the liabilities in relation to its part of the highway as if the same were wholly located in such town; but if the territory of either town be increased or diminished by a change in the boundaries that part of said order fixing their liabilities shall be deemed vacated, and a new order apportioning their liabilities shall be made before the time for making the next tax roll,— such an increase of territory does not relieve one of the towns from liability for injuries sustained a few days after the change, and before the time for a new apportionment, by reason of an insufficiency in its part of the highway due to defective construction thereof by said town prior to said change of boundaries.

APPEAL from an order of the circuit court for Oneida county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

Previous to April 29, 1897, townships 35 and 36 north, of range 11 east, were parts of different towns in Forest county. The town boards of said towns had laid out and apportioned a joint town road, which was constructed and maintained as apportioned. By ch. 278, Laws of 1897, which took effect April 29, 1897, township 36 was made part of the town of Gagen, and township 35 was made part of the town of *Schoepke,* Oneida county. The town of Gagen maintained the west eighty rods of this road, and the town of *Schoepke* the east eighty rods of this road, as apportioned by the towns in Forest county, when the townships were parts of that county. The east end of the road diverged for a short distance from the town line. During the year 1898 the town of *Schoepke* reconstructed the east end of the road, building it upon the town line, and closed the old traveled track. This change was completed by January 30, 1899. There was a hole on this new part of the highway, which had been covered with poles by the town authorities when it reconstructed this east end. Respondent alleges that while driving on the highway this structure gave way, and thereby caused the wheels of his wagon to drop into the hole, throwing him to the ground and causing the injuries which are the basis of this

action. A demand for satisfaction, served on the town of *Schoepke,* was rejected before this action was brought.

All changes prior to the enactment of ch. 244, Laws of 1899, were ratified by the towns. Ch. 244, Laws of 1899, increasing the territory of the town of Gagen, went into effect April 26, 1899. The accident occurred on the 5th of May following. The answer alleges that the change of territory by this act terminated the agreement, and, if any liability existed, made the towns of *Schoepke* and Gagen jointly liable, and prayed for the abatement of the action. Plaintiff demurred to the answer, and asked leave to amend his complaint. The demurrer was sustained, and leave to amend was granted. This is an appeal from the order sustaining the demurrer.

The cause was submitted for the appellant on briefs by *A. W. Shelton* and *Geo. W. Latta,* and for the respondent on the brief of *John Barnes.*

SIEBECKER, J. It is insisted in argument that the appellant town is not liable as alleged in the complaint, because ch. 244, Laws of 1899, changed the territory of the town of Gagen. It appears by the pleading that the highway in question is upon the line between the appellant town and the town of Gagen. An order was made designating the parts of this highway to be made and kept in repair by each of the two adjoining towns. This order was acquiesced in and acted upon by the towns up to the time of the enactment of ch. 244, Laws of 1899. By this act the boundaries of the town of Gagen were changed and its territory increased. The injury complained of is alleged to have occurred on May 5th following, being on the ninth day after the enactment of ch. 244, Laws of 1899. There is no dispute in the pleadings but that the defect complained of is due to an alleged insufficiency of the highway as constructed by appellant some time prior

to the change of territory of the town of Gagen by this legis-
lative act.    Under this state of facts, the liability for this
insufficiency must be deemed unchanged by the legislation
specified.    The insufficiency is alleged to be wholly due to
the omission of duty of the authorities of the appellant town,
imposed upon it under the order of the town boards, which
assigned to it this part of the highway to construct and keep
in a proper state of repair.    By this order, made under sec.
1273, Stats. 1898, it follows that "each such town shall have
all the rights and be subject to all the liabilities in relation to
the part of such highway to be made or repaired by such town
as if wholly located in such town."

Appellant's contention that the legislation which went into
effect April 26, 1899, abrogated this order of apportionment,
and absolved it from the liability charged in the complaint,
cannot be approved.    To give this legislation such construc-
tion would relieve appellant from the consequences of its neg-
ligence, incurred prior to the passage of the act.    The provis-
ion of the statute involved is:

"That part of the order fixing their liabilities shall be
deemed vacated, and a majority of the supervisors of each
of such towns shall, before the time for making the next sub-
sequent tax roll, meet together and make a new order appor-
tioning their liabilities on account of such highway."

It is obvious that the time for a reapportionment of this
highway by the supervisors of such towns had not yet arrived
when the accident occurred.    To construe the statute as con-
tended for would, in effect, cast the burden of appellant's de-
fault, incurred prior to the time of such legislation, upon
the town of Gagen.    No such result can be said to have been
reasonably contemplated by the statute.    It fails, in terms
and by implication, to impose such a liability on the town of
Gagen; nor does it seem to contemplate a release of the ap-
pellant from the consequences of its default in performing

a legal duty. The complaint seems definite in charging the insufficiency to be due to defective construction of the highway by the town of *Schoepke* prior to April 26, 1899.

*By the Court.*—The order of the circuit court is affirmed.